UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARLA M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-05302-BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in evaluating her testimony and the medical evidence. Dkt. 17. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 44 years old, has a high school education, and has no past relevant work. Tr. 1664. Plaintiff applied for benefits in August 2011, alleging disability as of January 1, 2010. Tr. 72. Her applications were denied initially, on reconsideration, and in a February 2014 ALJ decision. Tr. 19-34. Plaintiff appealed to the U.S. District Court for the District of Oregon, which reversed the ALJ's decision and remanded for reconsideration of Plaintiff's symptom testimony and whether irritable bowel syndrome (IBS), fibromyalgia, and migraines were severe

impairments. Tr. 1752-86. On remand, the ALJ conducted a hearing in November 2019, taking testimony from Plaintiff and two medical experts. Tr. 1677-1713. In December 2019 the ALJ issued a decision finding Plaintiff not disabled. Tr. 1653-66. In pertinent part, the ALJ found Plaintiff's severe mental and physical impairments, including IBS, limited her to light-exertion work, walking one hour and standing three hours per day. Tr. 1656, 1661.

Plaintiff contends the ALJ erred in finding fibromyalgia and migraines non-severe. Plaintiff contends the ALJ misinterpreted a testifying medical expert's conclusions, and erroneously rejected her testimony she needs to lie down five hours per day, has migraines three times per week lasting three hours to all day, and needs to use the bathroom up to 16 times per day. Tr. 1702-05.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Fibromyalgia**

    **1.     Severe Impairment**

An impairment "is not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a).

The ALJ determined fibromyalgia was not a severe impairment for several reasons. First, he found the fibromyalgia diagnosis by rheumatologist Suzanne DeLea, M.D., "does not appear to be a rule out diagnosis as required by SSR 12-2p because Dr. DeLea recommended treatment in the form of utilizing her CPAP machine and taking Ambien." Tr. 1658. SSR 12-2p says nothing about evaluating a fibromyalgia diagnosis based on what treatment is recommended.

1   Nothing in the record suggests these are inappropriate treatments for fibromyalgia. The

2   Commissioner fails to defend this reason, apparently conceding it is erroneous.

3         The ALJ also found fibromyalgia non-severe based on treatment with depression

4   medication and therapy and a lack of ongoing treatment by an acceptable medical source. Tr.

5   1648. Again, the type of treatment, or the fact it was provided by a non-acceptable medical

6   source, did not support the ALJ's conclusion fibromyalgia was not a severe impairment.

7   Nothing in the record suggests these are inappropriate treatments for fibromyalgia.

8         The ALJ noted Plaintiff's therapist repeatedly assessed her fibromyalgia as "improved."

9   Tr. 1658. But the notes do not indicate Plaintiff's symptoms ultimately improved so greatly they

10  no longer significantly limited her ability to perform basic work activities.

11        The parties argue about whether testifying expert Dr. Lebeau adequately considered

12  fibromyalgia. But the ALJ did not rely on, or even mention, Dr. Lebeau's testimony in rejecting

13  fibromyalgia as a severe impairment. *See* Tr. 1658.

14        The Court concludes the ALJ erred by finding fibromyalgia was not a severe impairment.

15  The error may be harmless, however, if any limitations caused by fibromyalgia were adequately

16  accounted for in the RFC determination. In arguing the ALJ erred in evaluating fibromyalgia,

17  the only limitation Plaintiff discusses is her testimony she must recline five hours per day. Dkt.

18  22 at 6.

19        **2.**      **Plaintiff's Testimony**

20        Plaintiff contends the ALJ failed to address her need for recumbency. On the contrary,

21  the ALJ noted Plaintiff's testimony she "lays down five to six hours in an eight-hour day" and in

22  the next sentence noted, in contrast, treating physician Jacqueline Vuky, M.D., "indicated

23  claimant is capable of sedentary to light work." Tr. 1662.

1    In several treatment records Dr. Vuky described Plaintiff's functional status as follows:
2  "No physically strenuous activity, but ambulatory and able to carry out light or sedentary work
3  e.g. office work, light house work[.]" Tr. 3000, 3017, 3026, 3033, 3047, 3056, 3061. Plaintiff
4  argues Dr. Vuky was only treating her deep venous thrombosis and pulmonary embolism, and
5  "clearly was not factoring in any of Plaintiff's other impairments" in this assessment. Dkt. 17 at
6  14. However, the record shows Dr. Vuky regularly obtained a full review of systems and
7  performed a complete physical examination, including back/spine and musculoskeletal
8  assessments, typically noting "full range of motion without pain [and] no tenderness." *See*, *e.g.*,
9  Tr. 3000-01. Dr. Vuky's notes specifically include information about headaches and
10 fibromyalgia. *See*, *e.g.*, Tr. 3016, 3023. The ALJ reasonably inferred Dr. Vuky's assessment
11 covered more than only blood disorders. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d
12 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by
13 inferences reasonably drawn from the record.").
14   Plaintiff contends there is no indication Dr. Vuky was using the terms "sedentary" or
15 "light" to mean she was capable of full-time work. But an ALJ may reject testimony
16 contradicted by medical evidence; the medical evidence need not, by itself, prove the claimant
17 can work full-time. The ALJ reasonably interpreted Dr. Vuky's statement as contradicting
18 Plaintiff's testimony of needing to lie down five hours per day. This was a clear and convincing
19 reason to discount Plaintiff's testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d
20 1155, 1161 (9th Cir. 2008) (affirming ALJ's rejection of claimant's testimony he can lift 10
21 pounds occasionally in favor of treating physician's "contradictory opinion that he can lift up to
22 10 pounds frequently").
23   The Court concludes the ALJ did not harmfully err in evaluating Plaintiff's fibromyalgia.

### B. Migraines

The ALJ considered migraines both at step two, finding they were not a severe impairment, and in evaluating Plaintiff's RFC.  The ALJ relied on medical expert Jack Lebeau's, M.D., testimony Plaintiff's migraines were "adequately treated by prescribed medications" because it was consistent with the medical evidence.  Tr. 1657-58.  And the ALJ discounted Plaintiff's testimony of incapacitating headaches based on "minimal treatment."  Tr. 1662.

#### 1. Dr. Lebeau

Plaintiff argues Dr. Lebeau testified effective migraine medication only became available a few weeks before the November 2019 hearing.  Dr. Lebeau stated, compared to "many years ago, when we had simple drugs that … weren't very effective, … [n]ow what's happened, I don't know if you know this, but about two or three weeks ago a brand new drug hit the market, and what we have now is a whole family of drugs that are much, much better for migraine…."  Tr. 1689.  Plaintiff's interpretation conflicts with Dr. Lebeau's testimony.  Dr. Lebeau referred to a "whole family of drugs," and the "brand new drug" was only a recent addition to this family.  *Id*.  Dr. Lebeau specifically testified Plaintiff has "had some migraine, and that's been treated."  Tr. 1638.  The ALJ's interpretation of Dr. Lebeau's testimony is reasonable and thus must be upheld.  *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff contends Dr. Lebeau testified migraine sufferers are incapacitated without medication.  Dr. Lebeau testified migraines can be incapacitating in the absence of treatment, but did not testify Plaintiff was incapacitated.  Tr. 1690.  He specifically stated, based on his review of the record, "[s]he's had some migraine, and that's been treated."  Tr. 1683.

#### 2. Plaintiff's Testimony

The ALJ discounted Plaintiff's migraine testimony based on minimal treatment and because medical records showed Plaintiff reported headaches less than once a year. Tr. 1662. Substantial evidence supports the ALJ's findings. Since the alleged onset date, Plaintiff sought care for headaches only once in 2011, twice in 2013, once in 2014, and once in 2016, when her provider concluded the "mild" and "diminishing" head pain was due to hitting her head a few days before. Tr. 2493-95; *see* Tr. 1657-58. Each time, Plaintiff was given or prescribed medication and did not report further symptoms. Tr. 1221, 1520, 1518, 2290-91, 2495. In 2018 Plaintiff told her provider she "hasn't had a lasting [headache] for about 2 years." Tr. 3023. The ALJ reasonably found Plaintiff's testimony of migraines multiple times a week was contradicted by the medical evidence of infrequent migraine reports. "Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161.

Plaintiff argues the severity of an impairment cannot be determined from the timing and frequency of treatment, providing the example of an amputee for whom no further treatment is available. Migraines, however, are very different from loss of limb, and can be treated with ongoing care. The lack of ongoing treatment, and successful resolution of symptoms with treatment, are substantial evidence supporting the ALJ's determination migraines did not require further limitations in the RFC.

An "unexplained or inadequately explained failure" to seek treatment or follow prescribed treatment can be a valid reason to discount a claimant's testimony, but an ALJ must consider a claimant's proffered reasons. *Trevizo*, 871 F.3d at 679-80. Plaintiff argues the ALJ erred by ignoring her testimony she could not afford medication to treat her migraines, but the record shows she did have migraine medication during the relevant period. *See*, *e.g.*, Tr. 1221,

1517. The parties dispute whether Plaintiff testified she could not afford any medication or only one very expensive blood thinner. Even if Plaintiff testified she could not afford migraine medication at the time of the hearing, her testimony would not undermine the ALJ's conclusion her migraines were adequately treated throughout the bulk of the record. Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Lack of treatment and conflict with medical evidence were clear and convincing reasons to discount Plaintiff's migraine testimony.

### 3. Separation of Powers

The Commissioner concedes the ALJ erred by stating treating physician "Dr. Egan assessed claimant's problem as benign…." Tr. 1657. The Commissioner contends the error was harmless because the ALJ provided other reasons for his assessment of Plaintiff's migraines. Plaintiff argues, based on the separation of powers under the U.S. Constitution, the error cannot be harmless because it violates the previous court remand order. Plaintiff offers no reason why separation of powers prohibits this court from assessing errors in following a court remand order for harmlessness just like other errors. This court will not create arguments on Plaintiff's behalf. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Because the ALJ reasonably relied on evidence of minimal and effective treatment, inclusion of this erroneous reason was harmless.

The Court concludes the ALJ did not harmfully err in analyzing Plaintiff's migraines.

**C.   Irritable Bowel Syndrome**

The ALJ discounted Plaintiff's IBS testimony based on inconsistent statements. In February 2018 Plaintiff told her provider she had two to three bowel movements on a good day

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION
AND DISMISSING THE CASE WITH PREJUDICE - 7

and eight or more on a bad day. Tr. 2787. This was inconsistent with her testimony she used the bathroom three to four times per hour on a good day, and 14 to 16 times on a bad day. Tr. 1705.

Plaintiff argues the ALJ therefore should have accepted the lower number, of about eight bowel movements per day on a bad day. However, when faced with inconsistent statements, an ALJ is not required to accept either. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements are a valid reason to discount claimant testimony). Inconsistent statements were a clear and convincing reason to discount Plaintiff's statements about bathroom use frequency.

The Court concludes the ALJ did not err in evaluating Plaintiff's IBS testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 23rd day of November, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge